ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| **EL PUEBLO DE PUERTO RICO**<br><br>Apelado<br><br>v.<br><br>**RAMÓN ALBINO ALVARADO**<br><br>Apelante | KLAN202500297 | **APELACION** procedente del Tribunal de Primera Instancia, Sala Superior de **Ponce**<br><br>Criminal Núm.:<br>**J EC2024G0064**<br>**J LA2024G0220**<br><br>Sobre:<br>Art. 127 A del CP<br>Art. 6.06 ley168 |

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Aldebol Mora y la Jueza Boria Vizcarrondo.

**SENTENCIA**

En San Juan, Puerto Rico, a 9 de septiembre de 2025.

Comparece ante nos el señor Ramón Albino Alvarado (Sr. Albino Alvarado o parte apelante), por conducto de su representante legal, mediante una *Apelación*, en la que nos solicita que revoquemos dos sentencias emitidas por el Tribunal de Primera Instancia, Sala Superior de Ponce, (TPI) el 10 de febrero de 2025, bajo los casos número J1CR202400049 y JLA2024G0220, respectivamente.[1] Por medio de la *Sentencia* del pleito número J1CR202400049, el foro primario declaró culpable al Sr. Albino Alvarado del delito de amenaza, en virtud del Artículo 177 del *"Código Penal de Puerto Rico" de 2012* (Código Penal), Ley Núm. 146 del 30 de julio de 2012, según enmendada, 33 LPRA sec. 5243; y lo condenó a la pena de seis (6) meses de cárcel, consecutivos con el caso JLA2024G0220. Asimismo, en el pleito número JLA2024G0220, el foro primario encontró culpable al Sr. Albino

---

[1] Apéndice del recurso de apelación, Anejo I, pág. 1; Anejo III, pág. 3.

Alvarado del delito de portación y uso de armas blancas, bajo el Artículo 6.06 de la *"Ley de Armas de Puerto Rico de 2020"*, Ley Núm. 168 del 11 de diciembre de 2019 (Ley de Armas), según enmendada, 25 LPRA sec. 466e; y lo condenó a tres (3) años de cárcel, consecutivos con el caso número J1CR202400049.

Luego de acogerse la Transcripción de Prueba Oral (TPO), el 8 de julio de 2025, el representante legal del Sr. Albino Alvarado radicó un *Alegato jurídico en apoyo a la apelación.*

Por su parte, El Pueblo de Puerto Rico (El Pueblo o parte apelada), por conducto de la Oficina del Procurador General de Puerto Rico, presentó un *Alegato de el Pueblo* el 7 de agosto de 2025.

Por lo fundamentos que pormenorizamos a continuación, se confirman las sentencias apeladas.

## I.

El caso de marras tiene su génesis el 12 de febrero de 2024 cuando El Pueblo presentó tres (3) denuncias en contra del Sr. Albino Alvarado, al amparo de los Artículos 127 A y 177 del Código Penal, *supra*, secs. 5186a, 5243, y el Artículo 6.06 de la Ley de Armas, *supra*, sec. 466e. El Pueblo alegó que el Sr. Albino Alvarado, en o para el 10 de febrero de 2024, a eso de las 10:12pm en Ponce, ilegal, voluntaria y criminalmente, a propósito, y con conocimiento, cometió abuso físico, emocional y agresión en contra de su mamá, la señora Elba Josefina Alvarado Rodríguez (Sra. Alvarado Rodríguez), quien tenía 62 años en aquel momento. Sostuvo que, así, la expuso al riesgo de sufrir un daño a su salud y bienestar.[2] El Pueblo también adujo que, ese mismo día y a esa misma hora, el Sr. Albino Alvarado amenazó de muerte a la señora Elena Kathleen Alvarado Mussé (Sra. Alvarado Mussé) y le expresó "Canto de puta, te voy a matar".[3] Además, sostuvo que el Sr. Albino Alvarado, sin

---

[2] Expediente original del caso número JLA2024G0220, pág. 1.
[3] Apéndice del recurso de apelación, Anejo II, pág. 2.

ningún motivo justificado ni relacionado a algún deporte, profesión, ocupación, u oficio, o por condición de salud, incapacidad o indefensión, utilizó en contra de la Sra. Alvarado Mussé un cuchillo de cocina plateado de aproximadamente 9 pulgadas para cometer el delito de amenaza.[4]

Ante las circunstancias anteriores, el TPI emitió un *Auto de prisión provisional enmendado* el 12 de febrero de 2024 donde solicitó que el Departamento de Corrección y Rehabilitación (DCR) evaluara al Sr. Albino Alvarado por salud mental.[5]

El 22 de febrero de 2024, el representante legal del Sr. Albino Alvarado presentó una *Moción solicitando revisión del acusado bajo la Regla 240 de Procedimiento Criminal.*[6] Arguyó que el Sr. Albino Alvarado fue evaluado por la Escuela de Medicina de Ponce Health Sciences University Wells Center y el Programa de Inspira. Adujo que de las evaluaciones entendía que este padecía de aggressiveness, PMH, Bipolar Disorder, signos psicóticos, pobre introspección, pobre adherencia al tratamiento y presencia de ideas delirantes. Por ende, suplicó que se señalara una vista, al amparo de la Regla 240 de las *"Reglas de Procedimiento Criminal" de 1963* (Reglas de Procedimiento Criminal), 34 LPRA Ap. II, R. 240, para que la psiquiatra de El Pueblo pudiera establecer la procesabilidad del Sr. Albino Alvarado, y que, de esta forma, el Tribunal pudiera fijar los procedimientos posteriores, conforme a la determinación de dicha galena.

El 4 de marzo de 2024, el foro primario emitió una *Resolución y Orden* en la que determinó que existía base razonable para creer que el Sr. Albino Alvarado no era procesable.[7] Al amparo de la Regla 240 de Procedimiento Criminal, *supra,* el TPI refirió al Sr. Albino

---

[4] *Íd.*, Anejo IV, pág. 4.
[5] Expediente original del caso número JLA2024G0220, pág. 10.
[6] *Íd.*, págs. 19-20.
[7] *Íd.*, págs. 21, 23.

Alvarado para que la psiquiatra de El Pueblo lo evaluara, y señaló vista de procesabilidad.

Posteriormente, 1 de mayo de 2024, en la vista de procesabilidad, al amparo de la Regla 240 de Procedimiento Criminal, *supra*, la perita y psiquiatra del Tribunal Mayra Robles Álvarez (Dra. Robles Álvarez), opinó que el Sr. Albino Alvarado no era procesable y recomendó que lo trasladaran al Hospital de Psiquiatría Forense de Ponce o Río Piedras.[8]

Ese mismo día, el foro primario emitió unas órdenes donde, según la recomendación de la Dra. Robles Álvarez, declaró no procesable al Sr. Albino Alvarado, y ordenó su traslado al Hospital de Psiquiatría Forense, al amparo de la Regla 240 de Procedimiento Criminal, *supra*.[9]

El 7 de agosto de 2024, durante una vista de seguimiento, la Dra. Robles Álvarez informó los resultados de la evaluación del Sr. Albino Alvarado, quien se encontraba en la Institución Ponce 500.[10] Ella opinó que el Sr. Albino Alvarado no era procesable, y solicitó seguimiento a la orden de traslado al hospital psiquiátrico. En dicha vista, la señora Issette Cruz, directora de trabajo social del Hospital de Psiquiatría Forense, no pudo precisar la cantidad de tiempo que iba a demorar que el Sr. Albino Alvarado fuese ingresado a dicha institución ni pudo realizar una recomendación sobre el particular porque el Sr. Albino Alvarado no había recibido todos los tratamientos.

Ante ello, el foro primario emitió otra orden en la que, según la recomendación de la Dra. Robles Álvarez, declaró no procesable al Sr. Albino Alvarado y ordenó nuevamente su traslado al hospital.[11]

---

[8] *Íd.*, pág. 33.
[9] *Íd.*, págs. 35, 42-43.
[10] *Íd.*, pág. 48.
[11] *Íd.*, pág. 50.

El 2 de octubre de 2024, por medio de una vista de seguimiento, el psicólogo clínico y perito del Tribunal José Malavé, declaró que evaluó al Sr. Albino Alvarado, quien al momento de la evaluación se encontraba en la Institución Ponce 500, y opinó que el Sr. Albino Alvarado se encontraba <u>procesable</u>.[12] Además, recomendó continuar con el tratamiento psiquiátrico que estaba recibiendo hasta el momento. Consecuentemente, el foro primario dio por concluido el referido a la Regla 240 de Procedimiento Criminal, *supra.*

El 2 de octubre de 2024, el TPI emitió una *Resolución y Orden* a través de la cual indicó que el Sr. Albino Alvarado había sido declarado procesable por el psiquiatra de El Pueblo.[13] Así, señaló una vista preliminar.

Luego de varios trámites procesales, el 5 de diciembre de 2024, se celebró la Vista Preliminar donde se le hicieron advertencias al Sr. Albino Alvarado sobre su incomparecencia a la lectura de acusación y al Juicio en su Fondo.[14] Inconforme, la representación legal del Sr. Albino Alvarado suplicó reconsideración y adujo que el Sr. Albino Alvarado estuvo fuera de control y levantó insanidad o trastorno mentales al momento de los hechos. Además, expuso que El Pueblo tenía que rebatir la prueba testimonial de insanidad mental. Sin embargo, el foro primario denegó dicha petición y expresó que el Sr. Albino Alvarado no había presentado la defensa de insanidad o trastorno mental, al amparo de la Regla 74 de *Procedimiento Criminal, supra*, R. 74. Además, el *foro a quo* expresó que solo recibió prueba testimonial de los testigos de El Pueblo.

---

[12] *Íd.*, pág. 56.
[13] *Íd.*, pág. 57.
[14] *Íd.*, págs. 82-83.

El 11 de diciembre de 2024, el foro primario celebró una vista de lectura de acusación, a la cual compareció el Sr. Albino Alvarado.[15] Allí, la representación legal del Sr. Albino Alvarado dio por recibidos y leídos dos pliegos acusatorios.

Después de varios trámites procesales, el 3 de febrero de 2025, se celebró el Juicio en su Fondo, al cual no compareció el Sr. Albino Alvarado, sino si su representante legal.[16] Durante el mismo, El Pueblo solicitó un reseñalamiento, ya que no se encontraba preparado.

El 10 de febrero de 2025, el Sr. Albino Alvarado renunció al derecho a Juicio por Jurado,[17] y ese mismo día, se celebró el Juicio en su Fondo.[18] Los testigos de El Pueblo fueron la Sra. Elba Alvarado Rodríguez, madre del acusado, y la Sra. Elena Alvarado Mussé, prima del acusado, quienes declararon sobre el incidente que dio origen a las denuncias.

Posteriormente, ese mismo 10 de febrero de 2025, el foro primario emitió tres (3) sentencias en los casos criminales J1CR202400049, respecto a la Sra. Alvarado Mussé; JLA2024G0220, con relación a la Sra. Alvarado Mussé; y JEC2024G0064, sobre la Sra. Alvarado Rodríguez. Bajo el caso número JEC2024G0064, el foro primario absolvió al Sr. Albino Alvarado por duda razonable del delito de maltrato a personas de edad avanzada bajo el Artículo 127 A del Código Penal, *supra*, sec. 5186a. En el pleito número JLA2024G0220, el TPI emitió una *Sentencia* en la que declaró culpable al Sr. Albino Alvarado del delito de portación y uso de armas blancas, al amparo del Artículo 6.06 de la Ley de Armas, *supra*, sec. 466e, y lo condenó a tres (3) años de reclusión, consecutivos con el caso número J1CR202400049. Por

---

[15] *Íd.*, págs. 86-88.
[16] *Íd.*, pág. 107.
[17] *Íd.*, pág. 109.
[18] *Íd.*, pág. 110.

último, bajo el caso número J1CR202400049, el foro primario declaró culpable al Sr. Albino Alvarado del delito de amenaza bajo el Artículo 177 del Código Penal, *supra*, sec. 5243, y lo condenó a seis (6) meses de reclusión, consecutivos con el pleito número JLA2024G0220.

El 24 de febrero de 2025, la representación legal del Sr. Albino Alvarado emitió una *Moción solicitando reconsideración al amparo de la Regla 194 de las de Procedimiento Criminal*.[19] Alegó que, de los únicos testigos que presentó El Pueblo, existían elementos suficientes para crear duda razonable sobre el estado o insanidad mental del Sr. Albino Alvarado al momento de los hechos. Indicó que, ante lo anterior, le correspondía al Ministerio Público rebatir ese estado de locura o de insanidad mental. Por ende, solicitó del foro primario que encontrara no culpable al Sr. Albino Alvarado por razón de insanidad mental.

El 10 de marzo de 2025, el foro primario emitió una *Resolución* mediante la cual adujo que, a base de la prueba desfilada en el juicio y lo resuelto en *Pueblo v. Marcano Pérez*, 116 DPR 917 (1986), la defensa no satisfizo los criterios mínimos para establecer duda razonable en torno a la incapacidad mental del convicto al momento de los hechos.[20] Ante tales circunstancias, declaró No Ha Lugar la petición de reconsideración.

Inconforme, el 8 de abril de 2025, el Sr. Albino Alvarado presentó ante nos el recurso de apelación en el que realizó los siguientes señalamientos de error:

> **ERRÓ EL TRIBUNAL AL NO CONSIDERAR ADECUADAMENTE LA POSIBILIDAD DE QUE EL SR. ALBINO ALVARADO NO TUVIERA LA CAPACIDAD MENTAL PARA COMPRENDER SUS ACTOS DEBIDO A SU CONDICIÓN PSIQUIÁTRICA. ESTO CONSTITUYE UN ERROR REVERSIBLE, YA QUE LA INSANIDAD MENTAL ES UNA DEFENSA VÁLIDA QUE, DE SER PROBADA, PUEDE RESULTAR EN LA**

---

[19] *Íd.*, págs. 116-119.
[20] Expediente original del TPI para el caso número JLA2024G0220, pág. 28.

**ABSOLUCIÓN DEL ACUSADO O EN SU REMISIÓN A TRATAMIENTO PSIQUIÁTRICO.**

**ERR[Ó] EL TRIBUNAL AL NO ORDENAR UNA EVALUACIÓN PSIQUIÁTRICA Y LA OMISIÓN DE CONSIDERAR LA EVIDENCIA SOBRE LA CONDICIÓN MENTAL DEL ACUSADO PRIVARON AL SR. ALBINO ALVARADO DE UN JUICIO JUSTO Y DE SU DERECHO CONSTITUCIONAL A PRESENTAR UNA DEFENSA EFECTIVA.**

**LOS TESTIMONIOS DE LOS TESTIGOS MADRE Y LA SRA. ALVARADO MUSSÉ, QUE DOCUMENTAN CLARAMENTE EL ESTADO DE DESCONTROL MENTAL DEL ACUSADO, PARECEN NO HABER SIDO DEBIDAMENTE VALORADOS POR EL TRIBUNAL. ESTO CONSTITUYE UN ERROR QUE PUDO HABER INFLUIDO EN EL RESULTADO DEL CASO.**

En síntesis, el Sr. Albino Alvarado alegó que la conducta errática e incoherente que presentó al momento de cometer los hechos y las declaraciones de los testigos, quienes afirmaron que se encontraba descompensado y que no había tomado su medicación, eran elementos suficientes para generar duda razonable sobre su competencia mental. Arguyó que, el tribunal prosiguió con el juicio sin asegurarse de que este contara con la capacidad para comunicarse con su defensa o entender la naturaleza de los cargos que pesaban en su contra. Sostuvo que, al omitir ordenar una evaluación psiquiátrica, el foro primario privó al acusado de su derecho a un juicio justo. En su consecuencia, solicitó que se revocaran las sentencias emitidas y se ordenara un nuevo juicio, previo a una evaluación psiquiátrica del acusado, conforme a la Regla 240 de Procedimiento Criminal, *supra.*

Luego de que se acogiera la Transcripción de Prueba Oral (TPO), el 8 de julio de 2025, el representante legal del Sr. Albino Alvarado radicó un *Alegato jurídico en apoyo a la apelación.* Reiteró su planteamiento de que el foro primario erró al no suspender el procedimiento penal ni ordenar una evaluación psiquiátrica del Sr. Albino Alvarado, a pesar de existir evidencia suficiente que indicaba

su incapacidad mental, conforme la Regla 240 de Procedimiento Criminal, *supra*, y la jurisprudencia aplicable.

Por su parte, El Pueblo de Puerto Rico, representado por la Oficina del Procurador General, presentó un *Alegato de el Pueblo* el 7 de agosto de 2025. Sostuvo que el Sr. Albino Alvarado no rebatió la presunción de capacidad mental que existía en nuestro ordenamiento jurídico. Asimismo, alegó que el Sr. Albino Alvarado tampoco colocó en posición al foro primario para concluir que no comprendió sus actos al momento de incurrir en la conducta por la cual fue condenado. En su consecuencia, solicitó que se confirmaran las sentencias dictadas.

**II.**

**A.**

El Artículo 21 del Código Penal, 33 LPRA sec. 5034, dispone que:

> **(a)** Una persona solamente puede ser sancionada penalmente si actuó a propósito, con conocimiento, temerariamente o negligentemente con relación a un resultado o circunstancia prohibida por ley.
> **(b)** El elemento subjetivo del delito se manifiesta por las circunstancias relacionadas con el hecho, la capacidad mental, las manifestaciones y conducta de la persona. (Énfasis suplido en el original).

Respecto al inciso (b) la Profesora Dora Nevares Muñiz comenta que " '[d]e no ser suficiente la capacidad mental del actor para que se configure la forma de culpabilidad o elemento mental requerido por el delito 'se consideraría como un caso de inimputabilidad [...]' ". *Pueblo v. Cotto García*, 205 DPR 237, 249-250 (2020) (*citando a* D. Nevares Muñiz, *Derecho penal puertorriqueño: Parte general*, 7ª ed. rev., San Juan, Ed. Instituto para el Desarrollo del Derecho, 2015, pág. 194). Una de las causas para establecer la inimputabilidad es la incapacidad mental. Artículo 38 del Código Penal, *supra*, sec. 5061. Específicamente, el Artículo 40 del Código Penal, *supra*, sec. 5063, preceptúa que:

> No es imputable quien al momento del hecho, a causa de enfermedad o defecto mental, carece de capacidad suficiente para comprender la criminalidad del acto o para conducirse de acuerdo con el mandato de ley.
>
> . . . .

Cuando se indica que el acusado es inimputable por incapacidad mental, se refiere a que no resultaría justo " 'imputarle el acto antijurídico como un hecho suyo, pues al momento de cometer el delito, el sujeto no tenía capacidad para controlar sus acciones o para entender la criminalidad de su proceder' ". *Pueblo v. Cotto García, supra*, pág. 251 (*citando a* E.L. Chiesa Aponte, *Derecho penal sustantivo*, 2ª ed. rev., San Juan, Pubs. JTS, 2013, pág. 256). Cabe mencionar que, el criterio de inimputabilidad no exige una carencia total de capacidad mental, sino que basta con que esa carencia sea suficiente o sustancial. *Pueblo v. Cotto García, supra*, pág. 251.

La incapacidad del acusado cuando comete los hechos delictivos "es la más fundamental porque, en definitiva, la responsabilidad criminal y civil del acusado dependerá de si al cometer los hechos estaba o no en uso de razón. De ahí nace su intención criminal y de ahí surge su responsabilidad penal". *Pueblo v. Castillo Torres*, 107 DPR 551, 555 (1978). Es sabido que, a los fines de levantar y después establecer la defensa de incapacidad mental al momento de cometer los hechos delictivos, cónsono con la Regla 74 de Procedimiento Criminal, *supra*, el acusado tiene que presentar un aviso al respecto. Específicamente, la Regla 74 de Procedimiento Criminal, *supra*, dispone que:

> Cuando el acusado hiciere alegación de no culpable e intentare establecer la defensa de trastorno mental transitorio o de incapacidad mental en el momento de la alegada comisión del delito imputándole, o cuando su defensa fuera la de coartada, deberá presentar en el Tribunal de Primera Instancia un aviso al efecto, con notificación al fiscal, dentro de los veinte (20) días siguientes al acto de la lectura de la acusación en los casos en que deba celebrarse dicho acto. Cuando

se hubiere entregado personalmente al acusado una copia de la acusación, el término para la presentación de estas mociones será de no más de veinte (20) días desde que el acusado hubiese respondido. Cuando no hubiese contestado, el término será de no más de veinte (20) días después de que se registre la alegación de no culpable. En casos por delitos menos graves a los cuales no aplique el derecho a juicio por jurado el aviso con notificación al fiscal se presentará por lo menos veinte (20) días antes del juicio.

. . . .

(Énfasis suplido).

## B.

Por otro lado, "un acusado de cometer un delito no puede enfrentar juicio a menos que sea procesable". *Pueblo v. Rivera Montalvo*, 205 DPR 352, 364 (2020). Encausar a una persona no procesable viola su debido proceso de ley. *Pueblo v. Rivera Montalvo*, *supra*, pág. 364. Entre los indicadores que pudieran sugerir que un imputado no es procesable se encuentran el que demuestre un "comportamiento errático durante el proceso; que al momento de alegarse que no es procesable se traiga ante la consideración del juez evidencia de un historial de comportamiento severamente irracional; que se presente evidencia de que el imputado se encuentra bajo influencia de drogas o sufriendo del 'síndrome de retirada' ". *Pueblo v. Pagán Medina*, 178 DPR 228, 240 (2010). El Tribunal Supremo ha resuelto que una evaluación psiquiátrica, tarjetas de citas, y hospitalizaciones psiquiátricas son factores que constituyen "base razonable" para mover al juez del foro primario a celebrar una vista de procesabilidad. *Pueblo v. Rivera Montalvo*, *supra*, pág. 366; *Pueblo v. Santiago Torres,* 154 DPR 291, 302-303 (2010).

Cónsono con ello, la Regla 239 de Procedimiento Criminal, *supra*, R. 239, dispone que "[n]inguna persona será juzgada, convicta o sentenciada por un delito mientras esté mentalmente incapacitada". La capacidad o incapacidad mental de una persona

en el contexto de encarar un proceso judicial en su contra, se alude a la "procesabilidad del imputado". *Pueblo v. Pagán Medina, supra,* pág. 237. La procesabilidad ha sido definida como aquella " 'lucidez con la que un imputado de delito puede entender la naturaleza y el procedimiento criminal al que se enfrenta' ". *Pueblo v. Rivera Montalvo, supra,* pág. 364 (*citando a Pueblo v. Pagán Medina, supra,* pág. 237).

A esos efectos, la Regla 240 de Procedimiento Criminal, *supra,* dispone el procedimiento que seguirá el tribunal para salvaguardar este derecho. Específicamente, expone que:

> **(a) Vista; peritos.** En cualquier momento después de presentada la acusación o denuncia y antes de dictarse la sentencia, si el tribunal tuviere evidencia, además de la opinión del representante legal del imputado o acusado, que estableciere mediante preponderancia de la prueba que el acusado está mentalmente incapacitado, o que éste no es capaz de comprender el proceso y colaborar con su defensa como consecuencia de alguna condición que afecta sus destrezas de comunicación, expondrá detalladamente por escrito los fundamentos para dicha determinación, suspenderá los procedimientos y señalará una vista para determinar el estado mental y/o funcional del acusado. Una vez se señale esta vista, deberá el tribunal designar uno o varios peritos para que examinen al acusado y declaren sobre su estado mental y/o funcional. Se practicará en la vista cualquier otra prueba pertinente que ofrezcan las partes. En estos casos, la representación legal del imputado o acusado deberá presentar al tribunal una moción informando la intención de solicitar la paralización de los procedimientos por razón de la incapacidad mental y/o funcional de su representado acompañada de evidencia pericial de tal incapacidad, dentro de un término no menor de tres (3) días antes de la fecha señalada para la vista de que se trate.
>
> . . . .
>
> (Énfasis suplido).

En otras palabras, una determinación de no procesabilidad debe fundamentarse en "base razonable" por parte del juez que preside la sala para creer que la persona se encuentra incapacitada mentalmente y conlleva que se suspendan inmediatamente los procedimientos. Es meritorio indicar que, "es el juez que preside la sala quien tiene que velar por que en todo momento la persona

denunciada o acusada se encuentre procesable". *Pueblo v. Pagán Medina, supra,* págs. 238-239. Por lo tanto, la Regla 240 de Procedimiento Criminal, *supra,* no solo establece un procedimiento que garantiza el debido proceso de ley, sino que convierte al juez del TPI custodio de dicho mecanismo, imponiéndole así un deber ineludible. *Pueblo v. Pagán Medina, supra,* pág. 239; véase además, *Pueblo v. Rivera Montalvo, supra,* págs. 365-366. Sobre este particular, el Profesor Ernesto Chiesa Aponte, explica que:

> El debido proceso de ley exige que tan pronto haya duda sobre la competencia del imputado para ser enjuiciado, se celebre una vista para iniciar una determinación de si el imputado está procesable [...]. El comportamiento bizarro o excéntrico del acusado durante la vista o juicio puede ser suficiente para una evaluación siquiátrica solicitada por la defensa. Pero la *base razonable* para iniciar el proceso de determinación de competencia del acusado puede ser invocada por el tribunal, fiscalía o la defensa. (Énfasis en el original y citas omitidas).

> *Pueblo v. Rivera Montalvo, supra,* pág. 366 (*citando a* E.L. Chiesa Aponte, *Procedimiento criminal y la Constitución: etapa adjudicativa,* San Juan, Ed. Situm, 2018, págs. 56–57).

De este modo, " 'el tribunal puede, *motu proprio,* 'encontrar 'base razonable' para entender que el imputado se encuentra no procesable y suspender los procesos, incluso por encima de la objeción del propio imputado' ". *Pueblo v. Rivera Montalvo, supra,* pág. 366 (*citando a Pueblo v. Pagán Medina, supra,* pág. 239). Si al amparo de la Regla 240 de Procedimiento Criminal, *supra,* el foro primario determina que el acusado está mentalmente y/o funcionalmente capacitado, continuará el proceso. A esos efectos:

> [E]l que el imputado de delito se encuentre capaz mentalmente requiere, como mínimo, que se halle lo suficientemente coherente como para que le pueda proveer a su abogado la información necesaria o relevante para la elaboración de su defensa [*Incompetency to Stand Trial,* 81 Harv. L. Rev. 454, 457 (1967)]. Más allá que la capacidad de recordar y relacionar información pertinente a los hechos, el imputado debe ser capaz de comprender el significado del juicio y entender el papel que él desempeña en el proceso. (Énfasis suprimido). (*Citando a Incompetency to Stand Trial, supra,* pág. 457).

*Pueblo v. Rivera Montalvo, supra,* págs. 365-366 (*citando a Pueblo v. Pagán Medina, supra,* pág. 239).

**III.**

Por estar íntimamente relacionados, discutiremos los señalamientos de error en conjunto. Específicamente, nos toca determinar si el foro primario incidió al no suspender los procedimientos ni ordenar una evaluación psiquiátrica del acusado, a pesar de existir evidencia suficiente que indicaba la incapacidad mental del Sr. Albino Alvarado, conforme a la Regla 240 de Procedimiento Criminal, *supra,* y la jurisprudencia vigente.

Según las sentencias apeladas, el foro primario declaró culpable y convicto al Sr. Albino Alvarado de los Artículos 177 del Código Penal, *supra,* sec. 5243, y 6.06 de la Ley de Armas, *supra,* sec. 466e. En su consecuencia, le impuso unas penas de reclusión de seis (6) meses y tres (3) años, a servirse consecutivamente.

Insatisfecho, el Sr. Albino Alvarado acudió ante nos. Argumentó que el foro primario erró al no suspender el proceso judicial ni ordenar una evaluación psiquiátrica para determinar si contaba con la capacidad para poder comprender el proceso y participar en su defensa. Señaló que la conducta errática e incoherente que presentó al momento de cometer los hechos, así como las declaraciones de los testigos, y el comportamiento incoherente, debieron activar dicha obligación.

Por su parte, El Pueblo de Puerto Rico, por conducto del Procurador General, expresó que el Sr. Albino Alvarado no rebatió la presunción de capacidad mental ni colocó en posición al foro primario para concluir que no comprendía sus actos al momento de incurrir en la conducta por la cual fue condenado.

Tras un análisis objetivo y cuidadoso, resolvemos que el foro primario no incidió en los señalamientos de error planteados por el Sr. Albino Alvarado.

Conviene diferenciar entre la incapacidad mental de las Reglas 74 y 240 de Procedimiento Criminal, *supra*. Es decir, de la incapacidad mental del acusado al momento de cometer los hechos delictivos *vis-à-vis* la incapacidad mental de este después de la presentación de la acusación o denuncia, y previo a que se dicte sentencia.

Según el Artículo 21 del Código Penal, *supra*, sec. 5034:

**(a)** Una persona solamente puede ser sancionada penalmente si actuó a propósito, con conocimiento, temerariamente o negligentemente con relación a un resultado o circunstancia prohibida por ley.
**(b)** El elemento subjetivo del delito se manifiesta por las circunstancias relacionadas con el hecho, la capacidad mental, las manifestaciones y conducta de la persona.

(Énfasis suplido en el original).

Respecto al inciso (b) la Profesora Dora Nevares Muñiz comenta que " '[d]e no ser suficiente la capacidad mental del actor para que se configure la forma de culpabilidad o elemento mental requerido por el delito 'se consideraría como un caso de inimputabilidad [...]' ". *Pueblo v. Cotto García*, 205 DPR 237, 249-250 (2020) (*citando a* Nevares Muñiz, *op. cit.*, San Juan, Ed. Instituto para el Desarrollo del Derecho, 2015, pág. 194). Una de las causas para establecer la inimputabilidad es la incapacidad mental. Artículo 38 del Código Penal, *supra*, sec. 5061. Específicamente, el Artículo 40 del Código Penal, *supra*, sec. 5063, preceptúa que:

No es imputable quien al momento del hecho, a causa de enfermedad o defecto mental, carece de capacidad suficiente para comprender la criminalidad del acto o para conducirse de acuerdo con el mandato de ley.

. . . .

(Énfasis suplido).

Cuando se indica que el acusado es inimputable por incapacidad mental, se refiere a que no resultaría justo " 'imputarle el acto antijurídico como un hecho suyo, pues al momento de cometer el delito, el sujeto no tenía capacidad para controlar sus

acciones o para entender la criminalidad de su proceder' ". *Pueblo v. Cotto García, supra*, pág. 251 (*citando a* Chiesa Aponte, *Derecho penal sustantivo, op. cit.*, pág. 256).

A los fines de levantar y después establecer la defensa de incapacidad mental al momento de los hechos, cónsono con la Regla 74 de Procedimiento Criminal, *supra*, el acusado tiene que presentar un aviso al respecto. Específicamente, la Regla 74 de Procedimiento Criminal, *supra*, dispone que:

> <u>Cuando el acusado hiciere alegación de no culpable e intentare establecer la defensa de trastorno mental transitorio o de incapacidad mental en el momento de la alegada comisión del delito imputándole, o cuando su defensa fuera la de coartada, deberá presentar en el Tribunal de Primera Instancia un aviso al efecto, con notificación al fiscal, dentro de los veinte (20) días siguientes al acto de la lectura de la acusación en los casos en que deba celebrarse dicho acto.</u> Cuando se hubiere entregado personalmente al acusado una copia de la acusación, el término para la presentación de estas mociones será de no más de veinte (20) días desde que el acusado hubiese respondido. Cuando no hubiese contestado, el término será de no más de veinte (20) días después de que se registre la alegación de no culpable. En casos por delitos menos graves a los cuales no aplique el derecho a juicio por jurado el aviso con notificación al fiscal se presentará por lo menos veinte (20) días antes del juicio.
>
> . . . .
>
> (Énfasis suplido).

Distinto es cuando hablamos de la incapacidad que contempla la Regla 240 de Procedimiento Criminal, *supra*, la cual se refiere a aquella que posee el acusado <u>cuando ya se cometieron los hechos, se presentó la acusación o denuncia, y va a ser sometido al proceso penal.</u> En esa instancia cabe hablar de procesabilidad y <u>no</u> de inimputabilidad. La procesabilidad ha sido definida como aquella " 'lucidez con la que un imputado de delito puede entender la naturaleza y el procedimiento criminal al que se enfrenta' ". *Pueblo v. Rivera Montalvo, supra*, pág. 364 (*citando a Pueblo v. Pagán Medina, supra*, pág. 237). Entre los indicadores que pudieran sugerir que un imputado no es procesable se encuentran el que

demuestre un "comportamiento errático durante el proceso; que al momento de alegarse que no es procesable se traiga ante la consideración del juez evidencia de un historial de comportamiento severamente irracional; que se presente evidencia de que el imputado se encuentra bajo influencia de drogas o sufriendo del 'síndrome de retirada'". *Pueblo v. Pagán Medina, supra*, pág. 240. El Tribunal Supremo ha resuelto que una evaluación psiquiátrica, tarjetas de citas, y hospitalizaciones psiquiátricas son factores que constituyen "base razonable" para mover al juez del foro primario a celebrar una vista de procesabilidad. *Pueblo v. Rivera Montalvo, supra*, pág. 366; *Pueblo v. Santiago Torres, supra*, págs. 302-303.

En esa misma línea, nuestro máximo foro ha expresado que:

> Del texto de esta Regla 240 es claro que una determinación inicial de no procesabilidad tiene que fundamentarse en "base razonable" por parte del juez que preside para creer que la persona se encuentra incapacitada mentalmente, en cuyo caso, se suspenderán inmediatamente los procedimientos. En primer lugar, y ante un estatuto que tan celosamente protege la competencia o capacidad del imputado que enfrenta el proceso en su contra, es importante apuntalar que es el juez que preside la sala quien tiene que velar por que en todo momento la persona denunciada o acusada se encuentre procesable. En ese contexto, la Regla 240 no sólo establece un mecanismo que garantiza el debido proceso de ley constitucional a un imputado de delito, sino que hace al juez de instancia custodio de ese mecanismo, imponiéndole un *deber ineludible*.
>
> *Pueblo v. Pagán Medina, supra*, págs. 238-239 (Énfasis suplido).

En otras palabras, del TPI determinar que el acusado no es procesable, corresponde que se suspendan inmediatamente los procedimientos. De igual modo, el tribunal podrá ordenar la reclusión del acusado en una institución adecuada. Regla 240 de Procedimiento Criminal, *supra*. Si, posterior a la reclusión, el tribunal tiene base razonable para creer que el estado mental y/o funcional del acusado permite la continuación del proceso, el tribunal citará a una nueva vista que se llevará a cabo, conforme al

inciso (a) de la Regla 240 de Procedimiento Criminal, *supra,* y determinará si los procedimientos deben continuar.

Surge del expediente del caso de autos que, cumpliendo con su deber ineludible, el propio foro *a quo* solicitó del DCR que evaluara al Sr. Albino Alvarado por salud mental. Ante la solicitud de la representación legal de dicho acusado para que se examinara la incapacidad de este último, al amparo de la Regla 240 de Procedimiento Criminal, *supra,* el TPI determinó que existía base razonable para creer que el Sr. Albino Alvarado no era procesable. En su consecuencia, lo refirió para que la psiquiatra de El Pueblo lo evaluara, y señaló una vista de procesabilidad.

En las primeras dos vistas de procesabilidad, la psiquiatra y perita del tribunal, la Dra. Robles Álvarez, opinó que el Sr. Albino Alvarado no era procesable y recomendó que lo trasladaran al Hospital de Psiquiatría Forense. Ante ello, el foro primario declaró no procesable al Sr. Albino Alvarado en dos ocasiones y emitió varias órdenes para el traslado del Sr. Albino Alvarado al Hospital de Psiquiatría Forense de Ponce o Río Piedras.

Posteriormente, en una última vista de seguimiento, al amparo de la Regla 240 de Procedimiento Criminal, *supra,* el Dr. Malavé, psicólogo y perito del tribunal, examinó al Sr. Albino Alvarado, quien al momento de la evaluación se encontraba en la Institución Ponce 500, y opinó que el Sr. Albino Alvarado se encontraba procesable. Además, recomendó continuar con el tratamiento psiquiátrico que estaba recibiendo hasta el momento. En su consecuencia, el foro primario dio por concluido el referido a la Regla 240 de Procedimiento Criminal, *supra,* y emitió una *Resolución y Orden* a través de la cual indicó que el Sr. Albino Alvarado había sido declarado procesable por el psiquiatra de El Pueblo. De este modo, el TPI señaló una vista preliminar.

En la Vista Preliminar, se le hicieron las advertencias al Sr. Albino Alvarado sobre su incomparecencia a la lectura de acusación y al Juicio en su Fondo. Inconforme, la representación legal del Sr. Albino Alvarado suplicó reconsideración y adujo que el Sr. Albino Alvarado estuvo fuera de control y levantó insanidad o trastorno mental al momento de los hechos. Además, expuso que El Pueblo tenía que rebatir la prueba testimonial de insanidad mental. Sin embargo, el foro primario denegó dicha petición y expresó que el Sr. Albino Alvarado no había presentado la defensa de insanidad o trastorno mental, al amparo de la Regla 74 de Procedimiento Criminal, *supra*. Además, el foro *a quo* expresó que solo recibió prueba testimonial de los testigos de El Pueblo.

Luego de la vista de lectura de acusación, el Sr. Albino Alvarado nunca radicó dicha petición, bajo la Regla 74 de Procedimiento Criminal, *supra*. En otras palabras, el Sr. Albino Alvarado nunca presentó un aviso de insanidad mental al momento de los hechos, según requerido por la Regla 74 de Procedimiento Criminal, *supra*.

Como puede verse, la acción del TPI fue diligente y acertada. Contrario a lo señalado por el Sr. Albino Alvarado, el foro primario cumplió con la Regla 240 de Procedimiento Criminal, *supra*, al ordenar la evaluación psiquiátrica y psicológica del Sr. Albino Alvarado, al igual que el traslado de este a una institución hospitalaria. Más importante aún, el foro primario no señaló la Vista Preliminar hasta que el psicólogo y perito del tribunal opinara que el Sr. Albino Alvarado era procesable. Si bien los testimonios de la Sra. Alvarado Mussé y la Sra. Alvarado Rodríguez, brindados durante el Juicio en su Fondo, abarcaron la alegada conducta del Sr. Albino Alvarado el día de los hechos delictivos, lo que tenía que evaluar el foro primario, al amparo de la Regla 240 de Procedimiento Criminal, *supra*, no era su incapacidad mental al momento de

cometer dichos hechos, sino su incapacidad mental <u>luego</u> de la presentación de la acusación o denuncia, y antes de que se dictara sentencia. Es decir, tenía que justipreciar si el Sr. Albino Alvarado estaba lo suficientemente coherente para brindarle información necesaria a su representante legal para la elaboración de su defensa, si poseía capacidad de recordar y relacionar información pertinente a los hechos, de comprender el significado del juicio y de entender el papel que desempeña en el proceso. *Pueblo v. Rivera Montalvo, supra,* págs. 364-365.

Habiéndose dictado las sentencias apeladas, sin que el Sr. Albino Alvarado radicara un aviso de insanidad mental, en virtud de la Regla 74 de Procedimiento Criminal, *supra,* determinamos que el foro primario no cometió los señalamientos de error.

**IV.**

Por los fundamentos antes expresados, se confirman las sentencias apeladas.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones